COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
CIVIL ACTION NO.: 21-CI-_____
DIVISION _____
*Electronically Filed*

JERON SCOTT, SR.      PLAINTIFFS
and LEE JOHNSON

v.

UNKNOWN DRIVER

and

JACOBI OIL SERVICE, INC.      DEFENDANTS
    **Serve via Kentucky Secretary of State**:
    Elaine M. Jacobi
    8304 Navilleton Road
    Floyd's Knob, Indiana  47119

---

## COMPLAINT

---

Plaintiffs, Jeron Scott, Sr., and Lee Johnson, for their Complaint against Defendants, Jacobi Oil Service, Inc. and an Unknown Driver, state as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff, Jeron Scott, Sr., is a citizen and resident of the Commonwealth of Kentucky, residing at 1010 Walter Avenue, Louisville, KY  40215.

2.     Plaintiff, Lee Johnson, is a citizen and resident of the Commonwealth of Kentucky, residing at 2708 Garland Avenue, Louisville, KY  40211.

3.     At all relevant times, Defendant, Jacobi Oil Service, Inc. ("Defendant Jacobi Oil Service."), was an Indiana corporation incorporated under the laws of the State of Indiana, with its principal place of business located at 5686 Navilleton Road, Floyds Knob, IN 47119.

1

4. Defendant Jacobi Oil Service has designated Elaine M. Jacobi as its registered agent of process, who can receive service at 8304 Navilleton Road, Floyds Knob, IN 47119.

5. At all relevant times, Defendant Unknown Driver, was the employee, agent, servant, and/or statutory employee for Defendant Jacobi Oil Service, operating for the benefit of, in furtherance of the interests of and/or within the course and scope of his/her employment with Defendant Jacobi Oil Service. Accordingly, Defendant Jacobi Oil Service is vicariously liable for the acts of Defendant Unknown Driver.

6. The amount in controversy exceeds the minimum amount necessary to establish the jurisdiction of this Court.

7. Venue in Jefferson Circuit Court is appropriate because the tractor-trailer collision giving rise to this lawsuit occurred in Louisville, Kentucky on September 18, 2020.

**COUNT I – COMMON LAW NEGLIGENCE**
**AGAINST DEFENDANTS UNKNOWN DRIVER & JACOBI OIL SERVICE, INC.**

8. On or about September 18, 2020, in Louisville, Jefferson County, Kentucky, Defendant Unknown Driver was operating a 2008 International 5600 3-axle tank truck near 7th and Oak Street.

9. The 2008 International 5600 3-axle tank truck was operated by Defendant Unknown Driver on behalf of his employer, Defendant Jacobi Oil Service, Inc.

10. As Defendant Unknown Driver was operating the 2008 International 5600 3-axle tank truck, he/she failed to observe traffic and rear-ended the vehicle in which Plaintiffs were traveling.

11. Defendant Unknown Driver operated a 2008 International 5600 3-axle tank truck in a negligent, careless, and reckless manner, causing serious injuries to Plaintiffs, for which Defendant Jacobi Oil Service is vicariously liable.

2

12. As a direct and proximate result of the gross negligence and carelessness of Defendants Unknown Driver and Jacobi Oil Service, the Plaintiffs, Jeron Scott, Sr. and Lee Johnson, sustained serious and permanent injuries to their bodies, causing them to incur bills and charges for physicians and medical expenses in treatment, great physical and mental pain and anguish, the loss of enjoyment of life and impairment of earning capacity.

13. Plaintiffs, Jeron Scott, Sr. and Lee Johnson, will continue to suffer such damages in the future, as their injuries are permanent in nature, and are at increased likelihood of future complications due to the severity and permanent nature of their injuries.

### COUNT II – NEGLIGENCE *PER SE*
### AGAINST DEFENDANTS UNKNOWN DRIVER & JACOBI OIL SERVICE, INC.

14. Plaintiffs adopt and reiterate each and every allegation above, as if set out fully in this paragraph.

15. Defendant Unknown Driver violated state and federal statutes and regulations, including but not limited to KRS 189.290, KRS 189.330, 189.338, KRS 189.390, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiffs, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which Defendant Jacobi Oil Service is vicariously liable.

16. The injuries sustained by Plaintiffs are of the type which these statutes seek to prevent and that such injuries were proximately caused by Defendant Unknown Driver's violation of these statutes, for which Defendant Jacobi Oil Service, Inc. is vicariously liable.

17. As a direct and proximate result of the gross negligence and negligence *per se* of Defendants Unknown Driver and Jacobi Oil Service, Inc., the Plaintiffs, Jeron Scott, Sr. and Lee Johnson, sustained serious and permanent injuries to their bodies, causing them to incur bills and

3

charges for physicians and medical expenses in treatment, great physical and mental pain and anguish, the loss of enjoyment of life and impairment of earning capacity.

18.   Plaintiffs, Jeron Scott, Sr. and Lee Johnson, will continue to suffer such damages in the future, as their injuries are permanent in nature, and are at increased likelihood of future complications due to the severity and permanent nature of their injuries.

### COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISING AND ENTRUSTMENT AGAINST DEFENDANT JACOBI OIL SERVICE, INC.

19.   Plaintiffs adopt and reiterate each and every allegation above, as if set out fully in this paragraph.

20.   Defendant Jacobi Oil Service had a duty to act reasonably in hiring, instructing, training, supervising, and retaining its drivers and other employees and agents, including Defendant Unknown Driver, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

21.   Defendant Jacobi Oil Service had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

22.   Defendant Jacobi Oil Service was negligent, careless, and reckless with regard to the duties set forth above, causing serious injury to Plaintiffs, for which it is directly liable.

23.   Defendant Jacobi Oil Service violated state and federal statutes and regulations, including but not limited to KRS 189.224, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiffs, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which it is directly liable.

24.   As a direct and proximate result of the gross negligence, carelessness, and recklessness of Defendants Unknown Driver and Jacobi Oil Service, the Plaintiffs, Jeron Scott, Sr. and Lee Johnson, sustained serious and permanent injuries to their bodies, causing them to incur bills

and charges for physicians and medical expenses in treatment, great physical and mental pain and anguish, the loss of enjoyment of life and impairment of earning capacity.

25. Plaintiffs, Jeron Scott, Sr. and Lee Johnson, will continue to suffer such damages in the future, as their injuries are permanent in nature, and are at increased likelihood of future complications due to the severity and permanent nature of their injuries.

**WHEREFORE**, Plaintiffs, Jeron Scott, Sr. and Lee Johnson, demand judgment against Defendants Unknown Driver and Jacobi Oil Service, Inc. as follows:

A. A trial by jury on all issues of fact herein;

B. For actual, special, punitive, and compensatory damages permitted by law, in an amount greater than the jurisdictional minimum of this Court;

C. For prejudgment interest from the date of the Plaintiffs' injuries until such time the judgment is paid;

D. For Plaintiffs' costs herein expended; and,

E. For any and all other relief to which the Plaintiffs are entitled.

### **CERTIFICATION**

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiffs as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiffs as a result of this action.

The parties notified are as follows:

Anthem BlueCross BlueShield
ATTN: Subrogation Department
P.O. Box 659940
San Antonio, TX 78265-9939

Kentucky Medicaid
ATTN: Subrogation Department
P.O. Box 2110
Frankfort, KY 40602

RESPECTFULLY submitted this 22nd day of December, 2021:

/s/ Adrian Mendiondo
ADRIAN MENDIONDO
Morgan & Morgan, Kentucky, PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 469-7954
Facsimile: (859) 899-9765
amendiondo@forthepeople.com
*Counsel for Plaintiff*